UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
NERIDA SANTIAGO, :
:
Plaintiff, :
: 19-CV-9145 (VSB) (OTW)
-against- :
: **OPINION & ORDER**
:
ANDREW M. SAUL, *Commissioner of Social* :
*Security*, :
Defendant. :
:
-----------------------------------------------------------X

Appearances:

Eddy Pierre Pierre
Pierre Pierre Law, P.C.
New York, New York
*Counsel for Plaintiff*

Leslie A. Ramirez-Fisher
Susan D. Baird
U.S. Attorney's Office for the Southern District of New York
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Nerida Santiago ("Santiago") moves for an award of attorney's fees pursuant to

42 U.S.C. § 406(b). Plaintiff's motion is GRANTED.

**I.    Background**

On May 24, 2021, Santiago moved for an award of $24,604.25 in attorney's fees pursuant

to 42 U.S.C. § 406(b). (Doc. 24.) Santiago and her attorney, Eddy Pierre Pierre ("Pierre"), had a

written contingency fee agreement under which Santiago would pay Pierre up to 25 percent of

her past-due Social Security benefits if the denial of those benefits was successfully appealed.

(Doc. 26-1, at ¶ A.) By Notice of Award, dated May 9, 2021, the Social Security Administration

1

concluded that 25 percent of Santiago's past-due benefits (*i.e.*, those payable through to March 2021) amounted to $24,604.25. (Doc. 26-4 at 2.) The Commissioner of Social Security does not oppose the proposed award. (Doc. 27.)

Santiago was previously awarded $9,000.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 23.) This award, however, was applied to an outstanding debt of Santiago's and was not paid to counsel. (Doc. 26 ¶ 11, Doc. 26-2.)

**II.   Discussion**

Section 406(b) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *accord Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Instead, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The court's reasonableness analysis looks at three factors: (1) whether the requested fees exceed the twenty-five percent limit, (2) whether the contingent fee agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a "windfall" to counsel.

*Wells*, 907 F.2d at 372; *see, e.g.*, *Annabi v. Comm'r of Soc. Sec.*, 16-CV-9057 (BCM), 2020 WL 1819783, at *1 (S.D.N.Y. Apr. 9, 2020).

These factors weigh in favor of granted Plaintiff's request. The requested contingency fee of $24,604.25 is 25 percent of past-due benefits, which is within the statutory limit. 42 U.S.C. § 406(b)(1)(A); (*see also* Doc. 26 ¶ 13; Doc. 26-4 at 2). There is no evidence that Santiago and Pierre's fee arraignment was reached through fraud or overreaching.

The fee award is not a windfall for Pierre's firm, which spent 40.48 attorney hours and 9.80 paralegal hours on work related to this matter. (Doc. 26 ¶ 12; Doc. 26-3.) This is a reasonable amount of time for this type of case. *See, e.g.*, *Laden v. Comm'r of Soc. Sec.*, No. 17CIV10050NSRAEK, 2022 WL 17828488, at *5 (S.D.N.Y. Nov. 3, 2022), report and recommendation adopted, No. 17 CIV. 10050 (NSR), 2022 WL 17414356 (S.D.N.Y. Dec. 5, 2022) (noting that "courts within this Circuit generally and routinely endorse" expending 20 to 40 hours on Social Security cases).

Counsel's billing records indicate that the work done involved drafting the relevant papers, reviewing transcripts, and liaising with the Assistant United States Attorney assigned to the case. (Doc. 26-3.) Furthermore, a $24,604.25 fee is a *de facto* hourly rate of $607.81 when divided by the 40.48 attorney hours expended. This is well within the range of reasonable fees approved by Courts in this Circuit for these types of cases. *See Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (collecting cases in which *de facto* hourly rates of over $1,000.00 were approved).[1]

---

[1] This rate becomes even more reasonable when paralegal hours are considered. Courts in this District frequently account for paralegal time by multiplying the paralegal hours billed by $100.00, subtracting the resulting amount from the requested fee, and then dividing that number by the attorney hours billed to arrive at the *de facto* hourly rate. *See, e.g.*, *Coleman v. Comm'r of Soc. Sec.*, No. 21-CV-00076 (KHP), 2023 WL 2301376, at *1 (S.D.N.Y. Mar. 1, 2023); *Colon v. Comm'r of Soc. Sec.*, No. 19-CV-2880 (KHP), 2023 WL 2237540, at *1 (S.D.N.Y. Feb. 27, 2023); *Foley v. Kijakazi*, No. 20-CV-4231 (JLC), 2022 WL 17727642, at *3 n.1 (S.D.N.Y. Dec. 16, 2022). Applying that method here would result in a *de facto* hourly rate of $583.60 (($24,604.25-($100.00*9.80))/40.48).

3

Pierre also achieved a favorable result.  The parties stipulated to a remand to the Commissioner of Social Security for further proceedings, (Doc. 15), that ultimately resulted in a favorable determination for Santiago, (Doc. 26 ¶ 10), and an award of benefits, (Doc. 26-4).

As the full sum of Santiago's EAJA award was applied to an outstanding debt, no reduction in the award to counsel or refund to Santiago is required.  *See, e.g.*, *Kepic v. Comm'r of Soc. Sec. Admin.*, No. 1:17-CV-2422, 2021 WL 1267650, at *2 (N.D. Ohio Apr. 6, 2021) ("Although [plaintiff] was awarded an EAJA fee award . . .  that sum was never received by plaintiff or her counsel due to a debt plaintiff owed to the federal government . . . Therefore, counsel need not refund the awarded EAJA fee to plaintiff."); *Green v. Comm'r of Soc. Sec.*, No. 1:15-CV-00170-SLC, 2018 WL 2126938, at *3 n.6 (N.D. Ind. May 8, 2018) ("Because [plaintiff's attorney] did not receive any portion of [plaintiff's] EAJA fee award . . . there is no need to offset an EAJA award from the § 406(b) award."); *Blaylock v. Soc. Sec. Admin.*, No. 2:12-CV-00072, 2017 WL 4572991, at *1 (M.D. Tenn. Oct. 12, 2017) ("[W]hen the claimant's EAJA award is applied to her outstanding debt, there is no [need] for the attorney to refund any of the § 406(b) award to her client.")

### III.   Conclusion

Given the foregoing, it is hereby ORDERED that Santiago's motion for attorney's fees in the net amount of $24,604.25, representing 25 percent of Plaintiff's retroactive Social Security benefits, is GRANTED.

---

Neither $583.60 nor the attorney hours only rate of $607.81 is unreasonable given the precedent cited for rates in this District.

The Clerk of Court is further respectfully directed to close the motion at Doc. 24.

SO ORDERED.

Dated: April 13, 2023
      New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge